IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTIMATE ARCADE, INC., Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| | § | |
| GET SET GAMES INC., Defendant | § | |
| | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S VERFIFIED ORIGINAL COMPLAINT**

Ultimate Arcade, Inc., for its complaint herein against Get Set Games Inc., would show the Court as follows:

PARTIES

1.  Plaintiff Ultimate Arcade, Inc. is a Nevada corporation with its principal place of business in the State of California.

2.  Defendant Get Set Games Inc. is, upon information and belief, a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business in Toronto, Ontario Canada, and engages in unfair and deceptive practices in the State of Texas.

JURISDICTION AND VENUE

3.  This is an action for trademark infringement and unfair competition, pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for cancellation of a trademark registration, pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119, and for declaratory judgment pursuant to 28 U.S.C. § 2201.

4.  This Court has jurisdiction under 15 U.S.C. §§ 1119 and 1125(a) and 28 U.S.C. §§ 1331, 1332 and 1338, as there is both federal question jurisdiction and diversity of citizenship between the parties, and the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), exclusive of interest and costs.

5.  Venue is proper in this District under 28 U.S.C. §1391.

NATURE OF CAUSES OF ACTION

6.  Plaintiff Ultimate Arcade, Inc. is engaged in the business of custom game development, mobile game development, online games, downloadable games and online arcade games.

7.  Plaintiff Ultimate Arcade, Inc. provides video games that can be played at its website www.ultimatearcade.com and/or at hundreds of other websites or more.

8.  Ultimate Arcade, Inc. owns the common law rights and goodwill for MEGA JUMP for, among other goods and services, video game program and software, having adopted the mark at least as early as August 30, 2005, and continuously used the mark in interstate commerce, not limited by geographic area, since that date.

9.     Ultimate Arcade, Inc.'s MEGA JUMP mark is symbolic of extensive goodwill established by Ultimate Arcade, Inc., and has acquired recognition through continued use and expenditures of time, effort and money in advertising and promotion and serves as a unique identifier of the goods and services offered by Ultimate Arcade, Inc.

10.  Ultimate Arcade, Inc. now desires to offer its MEGA JUMP game in mobile application stores.

11.  Ultimate Arcade, Inc. enjoyed substantially exclusive use of the mark MEGA JUMP until Get Set Games Inc. began use of the mark MEGA JUMP for its own video games, without the authorization of Ultimate Arcade, Inc.

12.  Upon information and belief, Get Set Games Inc. began using the confusingly similar mark MEGA JUMP for video games in commerce in the later half of 2010, and now offers its video games under the marks MEGA JUMP and MEGA JUMP 2 through various mobile application stores from which the games have been downloaded more than 50 million times.

13.  On information and belief, Get Set Games Inc. filed an application for a US trademark registration US Ser. No. 85/635,461 on May 25, 2012, to register the mark MEGA JUMP for use with "downloadable files containing games" in International Class 009 based on a date of first use and first use in interstate commerce on July 31, 2010, and supported by the declaration to the best of knowledge and belief, that no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person to cause confusion, or to cause mistake, or to deceive.

14.  On information and belief, Get Set Games Inc., by and through its attorney, made the declaration above and knew or, in the exercise of due care and diligence, should have known of Ultimate Arcade, Inc.'s senior rights to the mark.

15.  On or about January 15, 2013, Get Set Games Inc. obtained US Reg. No. 4,275,068 for the mark MEGA JUMP for downloadable files containing games.

16.  On or about March 17, 2014, Get Set Games Inc. advised Ultimate Arcade, Inc. in a letter that any possible intent by Ultimate Arcade, Inc. to launch its game in the mobile app stores

"could subject [Ultimate Arcade Inc.] to damages under the Lanham Act.  Because Ultimate Arcade is obviously aware of Get Set Games' trademark in that class, we would assert that such infringement is willful."


COUNT I
COMMON LAW TRADEMARK, SERVICE MARK AND TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION

17.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 16 herein as if more fully set forth below.

18.  This Count arises under the common law of trademarks and unfair competition of the State of Texas.

19.  Upon information and belief, Defendant adopted the mark MEGA JUMP with full knowledge of Plaintiff's ownership of the mark MEGA JUMP with the intention of trading off the goodwill built up by Plaintiff.

20.  Upon information and belief, unless enjoined, Defendant will aggressively expand its use of the mark MEGA JUMP throughout the United States.

21.  Upon information and belief, Plaintiff's and Defendant's services and goods are similar and move through similar channels of trade to similar classes of customers and Plaintiff and Defendant are in competition with respect to those services and goods.

22.  Defendant's mark MEGA JUMP is identical to Plaintiff's mark MEGA JUMP and is likely to cause confusion, mistake or deception as to the source or origin of the goods and services in that the public and others are likely to believe that Defendant's services are provided by and sponsored by or approved by or licensed by or affiliated with or in some other way legitimately

connected with Plaintiff, and /or additionally or in the alternative, since Defendant has saturated the market with its extensive use of the MEGA JUMP marks, that it is likely to cause reverse confusion or mistake or deception as to the affiliation of Plaintiff with Defendant, or reverse confusion as to the origin, sponsorship or approval of Plaintiff's goods and services or commercial activities with Defendant; all to Plaintiff's irreparable harm.

23.   Defendant's aforesaid activities constitute unfair competition and an infringement of Plaintiff's common law service mark and trademark rights in the mark MEGA JUMP. Such unfair competition and infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm.

24.  Plaintiff has no adequate remedy at law.

COUNT II
FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

25.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 24 herein as if more fully set forth below.

26.  This Count arises under §43(a) of The Lanham Act (15 U.S.C. §1125(a) (False Designation of Origin)).

27.  The use and continued threatened use of the mark MEGA JUMP or any colorable variation thereof as aforesaid by Defendant is a false designation of origin as to goods and services made available by Defendant and a false and misleading representation in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)) since it is likely to cause confusion or mistake or deception as to the affiliation of Defendant with Plaintiff, or confusion as to the origin, sponsorship or approval of Defendant's goods and services or commercial activities with Plaintiff; and /or

additionally or in the alternative, since Defendant has saturated the market with its extensive use of the MEGA JUMP marks such that it is likely to cause reverse confusion or mistake or deception as to the affiliation of Plaintiff with Defendant, or reverse confusion as to the origin, sponsorship or approval of Plaintiff's goods and services or commercial activities with Defendant.

28.  Plaintiff has no adequate remedy at law.


COUNT III
DECLARATORY JUDGMENT

29.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 28 herein as if more fully set forth below.

30.  This Count arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001, et seq.

31.  An actual controversy has arisen and now exists between the parties.

32.  Plaintiff has reasonable apprehension of suit if it launches its MEGA JUMP game in the mobile app stores.

33.  Declaratory judgment is, therefore, necessary and Plaintiff requests a declaration that launch of its MEGA JUMP game in the mobile app stores does not infringe US Reg. No. 4,275,068, and that Get Set Games Inc. is not entitled to maintain and enforce its registration for MEGA JUMP against Ultimate Arcade, Inc.

COUNT IV
CANCELLATION OF US REG. NO. 4,275,068 UNDER SECTIONS 2(d) AND 37 OF THE LANHAM ACT
(15 U.S.C. §§ 1052(d) and 1119)

34.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 33 herein as if more fully set forth below.

35.  This Count seeks relief under 15 U.S.C. § 1119 for cancellation of US Reg. No. 4,275,068 under 15 U.S.C. § 1052(d).

36.  Ultimate Arcade, Inc. used the mark MEGA JUMP in connection with its game at a date earlier than Defendant's first use.

37.    Ultimate Arcade, Inc. is the senior user of the mark MEGA JUMP in connection with video games.

38.  Ultimate Arcade, Inc. acquired common law rights in the US as a result of its use of the mark in interstate commerce prior to Get Set Games Inc.'s date of first use.

39.  Get Set Games Inc.'s MEGA JUMP mark is identical to Ultimate Arcade, Inc.'s MEGA JUMP mark, and Get Set Games Inc.'s MEGA JUMP 2 is confusingly similar thereto.

40.  The goods which bear Get Set Games Inc.'s and Ultimate Arcade, Inc.'s MEGA JUMP marks, namely games, are of an essentially identical nature and are offered for use through the same channels of trade and offered to the same class of users.

41.  Defendant's mark MEGA JUMP is identical to Plaintiff's mark MEGA JUMP and is likely to cause confusion, mistake or deception as to the source or origin of the goods and services in that the public and others are likely to believe that Defendant's services are provided by and

sponsored by or approved by or licensed by or affiliated with or in some other way legitimately connected with Plaintiff, all to Plaintiff's irreparable harm.

42.   Defendant's registration has caused and, unless canceled by this Court, will continue to cause Plaintiff irreparable harm.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a) using MEGA JUMP, MEGA JUMP 2 or any other mark confusingly similar to MEGA JUMP, along or in combination with other words, names, styles, titles or marks (hereinafter referred to as "using the mark MEGA JUMP") in connection with the advertising, promotion, offering of video and related games;

(b) holding themselves out as the owners of, or otherwise authorized to use the mark MEGA JUMP in connection with video games, video game programs, downloadable games and the like;

(c) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendant originate with Plaintiff or are conducted or offered with the approval, consent or

authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff;

(d) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark MEGA JUMP and the goodwill associated therewith; and

(e) using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto.

2. That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights as aforesaid.

3. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by it from the activities herein complained of herein.

4. That Defendant be required to deliver up for destruction all stationery, signs, advertisements, brochures, promotional materials and other written and/or electronic materials which bear the mark MEGA JUMP or any other mark confusingly similar to Plaintiff's MEGA JUMP mark together with all plates, molds, matrices and other means and materials for making or reproducing same.

5. That US Reg. No. 4,275,068 be canceled.

6. That the Court declare that Plaintiff's use of the MEGA JUMP mark for games in the mobile app stores does not infringe US Reg. No. 4,275,068 or any rights of Defendant in the mark MEGA JUMP.

7. That Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and the costs of this action.

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,
Lundeen & Lundeen PLLC
2710 Louisiana St.
Houston, Texas 77006
Telephone: 713-652-2555
Facsimile: 713-652-2556
    /Marcee G. Lundeen/
Marcee G. Lundeen
SBOT 12695500, SD Reg. No. 34855
Attorney in Charge for Plaintiff

Of Counsel:
Daniel N. Lundeen
SBOT 12695250
S.D. Reg. No. 6524

## VERIFICATION

ALAN BALODI declares as follows:

I am President of Ultimate Arcade, Inc., Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters therein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the _____ day of April, 2014.

_____

ALAN BALODI

11